CAROLINE MAHAN, ADMINISTRATRIX, PLAINTIFF, v.
ELIZABETH WALKER, DEFENDANT.

Argued February 16, 1921.—Decided June 16, 1921.

When a person driving on a highway gives the statutory signal of his intention to turn to the left, it becomes the duty of those proceeding behind him to use reasonable care to control their vehicle so as not to injure the person so turning.

---

On rule to show cause to Mercer Circuit.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the rule, *Harry Heher.*

*Contra, Martin P. Devlin.*

The opinion of the court was delivered by

MINTURN, J.   The rule was granted to bring up for review a verdict obtained in the Mercer Circuit, in favor of plaintiff for $6,062.50 for the death of plaintiff's husband, while riding a bicycle on the Lawrence road, by being struck as he was turning into his home from the road by the defendant's automobile.   Plaintiff's intestate resided on the left side of the road in a house that stood alone in a country district.   He had been riding on the right of the road, and turned to pedal into his premises.   At that time defendant's automobile attempted to pass him on the left side, approaching from his rear.   The front of the auto passed safely, but plaintiff's intestate's wheel collided with the rear mud guard of the auto, and plaintiff's intestate was thrown, causing a fracture which superinduced his death.

The auto was driven by defendant's son-in-law, who was taking it from a repair shop, with defendant's knowledge, and the repairman was upon the car at the front fender observing the action of the motor, or the carburetor, and there was testimony that the driver of the machine was to some extent, at least, also engaged in observing the action of the motor, which was exposed to view, the hood having been thrown back for that purpose.

The road was thirty feet in width and arched at the centre, causing a slope at either side.   Some distance to the rear, existed a bridge over a creek, and defendant's act of crossing the bridge was distinctly audible at the point where plaintiff's intestate turned to the left.   A pony cart, occupied by two boys, preceded the plaintiff's intestate, and when they heard the noise at the bridge they turned to the right to avoid the oncoming motor car.   They saw the deceased at that time put out his hand, indicating, according to the law of the road, his intention of turning to the left.   At that time the auto was about two hundred feet from the deceased, and proceeding at forty miles an hour.   The auto continued to proceed to the left of the turning bicycle, and, after the accident, passed seventy-five feet beyond the point of casualty before it was

stopped. This situation was supported by a plenitude of testimony, and presented the basis for a verdict based upon defendant's negligence in operation, if the jury credited the proof, which they apparently did. When the deceased gave the statutory signal of his intention to turn to the left, it was the duty of the defendant to use reasonable care to so control the car as not to injure the deceased. This he might have done by slowing up, or by passing to the rear of the deceased, as the law of the road required him to do, if the deceased had continued on without turning. Their rights in such situation were correlative, the deceased having the right to turn into his home, using reasonable care in so doing; and the defendant having the right to pass him, exercising reasonable care and observation, and incidentally observing the law of the road, if he could do so reasonably under the circumstances, in order to avoid a collision. *Winch* v. *Johnson,* 92 *N. J. L.* 219; *Paulsen* v. *Klinge, Id.* 99; *Daly* v. *Case,* 88 *Id.* 295.

The disputed facts in such a situation are always for the jury, and the case was properly submitted to them on that ground.

The question of the driver's agency as the representative of the defendant also presented a jury question. *Missell* v. *Hayes,* 86 *N. J. L.* 348.

We have examined the question of damages, but we are in no position to say from the amount of the verdict that under the facts the verdict was the result of either mistake, passion or prejudice, which factors upon this application present the only ground upon which we can legally consider the question of excessive damages. *Bowes* v. *Public Service Railway Co.,* 94 *N. J. L.* 378.

The rule will therefore be discharged.